Glenn THRESHER, Plaintiff,

v.

GULF STATES PAPER
CORPORATION,
Defendant.

No. 02–CV–6624–CJS.

United States District Court,
W.D. New York.

Feb. 14, 2003.

George H. Winner, Jr., Denton, Keyser, LaBrecque & Moore, Elmira, NY, for the Plaintiff.

R. Scott DeLuca, Damon & Morey, Buffalo, NY, for the Defendant.

## DECISION AND ORDER

SIRAGUSA, District Judge.

## INTRODUCTION

This case is before the Court on defendant's motion (docket # 2) to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). After carefully considering the papers filed in support of and in opposition to the motion, and oral argument held on February 14, 2003, the Court determines that defendant's motion must be granted in part, and denied in part.

## STANDARD OF REVIEW

Since the motion is brought under Federal Rule of Civil Procedure 12(b)(6), the Court must presume that the allegations in the complaint are true and resolve all doubts and inferences in favor of the non-moving party. *Wright v. Ernst & Young LLP,* 152 F.3d 169, 173 (2d Cir.1998). The complaint cannot be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Easton v. Sundram,* 947 F.2d 1011, 1015 (2d Cir.1991).

In his complaint, plaintiff has referenced documents not attached to his pleading. On this point, the Second Circuit has directed, "[f]or purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference ... and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rothman v. Gregor,* 220 F.3d 81, 88 (2d Cir. 2000) (citation omitted).Thus, the Court will employ the *Rothman* rule and consider Exhibits A,B, and C to Thresher's Affidavit in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint.

## BACKGROUND

Plaintiff was employed by Fold Pak Corporation from July 22, 1985 until November, 1999. In 1998, Fold Pak Corporation was acquired by defendant. Following the acquisition, during oral negotiations pertaining to the terms and conditions his employment with defendant, plaintiff alleges, that "it was orally agreed that the period of service between July 22, 1985 and the date of commencement of plaintiff's employment with the defendant would be included toward determining the years of benefit service under the defendant's retirement plan." Compl. ¶ 6. Further, plaintiff alleges that in partial reliance on that representation, he commenced employment with defendant.

According to plaintiff, on or about June 19, 2001, defendant transmitted to him calculations of his retirement benefits, based upon a projected retirement date of Octo-

ber 1, 2002 and based upon a projected retirement date of October 1, 2012. Plaintiff alleges that both confirmed his agreement with defendant that his prior employment with Fold Pak Corporation would be included in his years of service with defendant. These communications[1] are attached to plaintiff's affidavit under Exhibit B and both are from, "Plan Administrator," each with a subject heading of, "Computation of Estimated Retirement Benefit." These documents indicate that they were prepared by Shan Simon. As is clarified by Exhibit C to Thresher's affidavit, a December 5, 2001 letter authored by Shan Simon, she was employed by defendant with the title of "Secretary, Retirement Programs."

On or about November 15, 2001, plaintiff was notified that his employment would be terminated on November 30, 2001. The letter from James P. Merrell, Vice President, Human Resources, Gulf States Paper Corporation, contained a severance agreement stating in pertinent part, "4. The Retirement and Savings and Investment Plans describe your rights at termination. If you are vested under these plans, you will receive information from the Benefits Department within the next few weeks." Thresher aff. Ex. A. The agreement also contained a waiver with regard to any claims against defendant. Plaintiff alleges in his complaint that he timely accepted the severance plan on December 7, 2001. He further alleges that his acceptance was in partial reliance on the confirmation of his retirement benefits from the June 19 communication.

Subsequent to his December 7, 2001, acceptance of the severance agreement, plaintiff alleges that he was notified by defendant that the retirement benefits previously promised were to be denied. In the December 5, 2001 letter from Shan Simon, plaintiff was told that although he had completed 16.41667 years of vesting service, as of his November 30, 2001, termination date, his benefit service time was only 2.08333 years. Thresher Aff. Ex. C. Although Simon's letter was dated December 5, 2001, in his complaint, plaintiff alleges he did not receive it until after he had already accepted the severance package. Moreover, plaintiff alleges that he pursued the appellate route available under his retirement plan, but that appeal had been denied.

## DISCUSSION

Plaintiff filed his complaint in the Supreme Court of New York, Chemung County, and defendant removed it to this Court. In the removal papers, defendant stated that jurisdiction was based on 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), and 1367 (supplemental jurisdiction). The Complaint alleges that plaintiff is a resident of New York and that defendant is a corporation with its principal place of business[2] in Alabama. Neither party has contested jurisdiction, nor has plaintiff sought to remand the case to state court. Based on the papers filed, it appears thus far that the Court has jurisdiction pursuant to §§ 1331 and 1367.

Plaintiff's complaint alleges three causes of action: the first for breach of an oral employment contract; the second for a declaratory judgment that his employment with Fold Pak Corporation should be in-

1. Plaintiff alleges throughout his complaint that the information was given to him by defendant on the 19th; the actual communications were dated June 18, 2001 (although it is possible that the first one is dated May 18, 2001, since the text on the reproduction of the communication is not clear and the "6" might be a "5"). Thresher aff. Ex. B.

2. Plaintiff's Complaint does not identify defendant's state of incorporation.

cluded in calculating his retirement benefits with defendant; and third, for fraud in inducing him to sign the severance agreement.

Initially, the Court will address the third cause of action first, since if it fails, then the first cause of action may be barred by the waiver contained in the severance agreement. As to this claim of fraud in the inducement, plaintiff alleges that his pleading meets the requirements of Federal Rules of Civil Procedure 9(b) and 8(a). Defendant, relying on state law precedent, counters that he has not.

 It is well settled that,

The elements of fraud in a federal civil action may be derived from either federal law or state law. If a claim is based on substantive federal law, federal law usually defines fraud. If a claim is based on diversity of citizenship or supplemental jurisdiction, state substantive law usually defines fraud. However, in an action in federal district court, even if state law provides the elements of fraud, claimants must plead the circumstances constituting the fraud with particularity under Rule 9(b). Therefore, even if conclusory allegations of fraud are sufficient under state law, they will be insufficient in federal district court. In unusual settings in which state pleading requirements on allegations of fraud are deemed substantive, federal courts hearing state law claims will apply state pleading laws.

2 MOORE'S FEDERAL PRACTICE (2002) § 9.03[e] (footnotes omitted). Rule 9(b) requires that "the circumstances constituting fraud ... shall be stated with particularity." Although scienter may be averred generally, the complaint must allege sufficient facts from which knowledge may be inferred. Rule 9(b) must, of course, be read together with Rule 8(a) which calls for "short and plain statement[s] of claims

for relief." C. Wright and A. Miller, Federal Practice and Procedure, § 1298 (1969); *NCC Sunday Inserts v. World Color Press,* 692 F.Supp. 327, 329 (S.D.N.Y. 1988). The substantive elements of a fraud claim under New York law are set forth in *Shea v. Hambros PLC,* 244 A.D.2d 39, 673 N.Y.S.2d 369 (N.Y.A.D. 1st Dept. 1998):

> In order to sustain a cause of action for fraudulent inducement, plaintiffs must show "misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury."

*Shea,* 244 A.D.2d at 46, 673 N.Y.S.2d 369 (*quoting Lama Holding Co. v. Smith Barney,* 88 N.Y.2d 413, 421, 646 N.Y.S.2d 76, 668 N.E.2d 1370 (1996)) (other citations omitted).

 Turning to the language of the complaint, plaintiff alleges that defendant, "on November 15, 2001, in its offer of a severance package fraudulently induced the Plaintiff into acceptance knowing that the Plaintiff was relying upon his eligibility for the inclusion of the benefit service years from Fold Pak Corporation into the Defendant's Retirement Plan when it secured the Plaintiff's agreement to accept the severance package.... That the Defendant immediately upon securing the Plaintiff's acceptance withdrew the agreed upon benefits thereby defrauding the Plaintiff herein." Complaint ¶¶ 22–23.

Although both parties have discussed the existence of a retirement plan allegedly governed by federal law, neither has specifically identified the plan, or its contents. As indicated previously, the calculations of plaintiff's retirement years of included as Exhibit B to Thresher's affida-

vit, were from the "Plan Administrator," as preparerd by defendant's employee, Shan Simon. This circumstance is consistent with the implication in plaintiff's complaint that the "Plan Administrator" and defendant are one in the same. *See* Complaint ¶ 8. Thus, defendant's argument, that plaintiff has sued the wrong party, is unpersuasive at this point in the litigation. Based on the allegations in the Complaint, the Court finds that plaintiff's pleading has met the particularity requirement of Federal Rule of Civil Procedure 9(b) and state substantive law. Therefore, the Court determines that plaintiff's cause of action for fraudulent inducement does state a cause of action sufficient to withstand defendant's motion to dismiss.

Turning now to the first cause of action, plaintiff alleges that defendant breached an oral employment contract by not taking into account his prior employment with Fold Pak Corporation in calculating his retirement benefits. For the purpose of this motion, the Court concludes that, based upon plaintiff's allegations, a valid oral contract existed between defendant and plaintiff, and that one of its terms was defendant's agreement to include plaintiff's prior service with Fold Pak Corporation in computing his retirement benefits. Plaintiff alleges that by excluding his Fold Pak years of service, defendant has breached the oral employment contract.

■ Defendant contends that plaintiff executed a valid and enforceable release in favor of defendant which was not fraudulently induced. In view of the Court's ruling on defendant's motion to dismiss the third cause of action, the Court rejects this argument. Alternatively, defendant contends that plaintiff's claims under the first and second causes of action are preempted by federal law: the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, Pub.L. 93–406.

Defendant points to, 29 U.S.C. § 1144, which preempts all state laws pertaining to employee benefit plans of the type defined in 29 U.S.C. § 1003(a). Plaintiff responds that, since defendant has not designated a plan administrator, then the Court must assume that defendant is the *de facto* administrator. Plaintiff's assertion, while true, *see* 29 U.S.C. § 1002(16)(A)(ii) ("if an administrator is not so designated, the plan sponsor [is the administrator]," does not answer the question of preemption, nor does plaintiff's curious argument that, "factual distinctions preclude summary judgment declaring whether or not defendant was or designated a plan administrator.") The statutory language clearly shows that plaintiff's first and second causes of action are preempted by ERISA and must, therefore, be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Cicio v. Does*, 321 F.3d 83, 97 (2d Cir.2003) (state law claims dismissed under FED. R. CIV. P. 12(b)(6) as preempted by ERISA).

■ Since the Court has determined that plaintiff's third cause of action, based on a state law claim of fraudulent inducement, may go forward, it must address its supplemental jurisdiction under 28 U.S.C. § 1367. In light of the dismissal of the causes of action preempted by ERISA, and the resulting lack of any federal claim, the Court declines to exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), and the case is, therefore, remanded to state court. *See Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (it is preferable to remand a removed case to state court than to dismiss it without prejudice when the district court declines to exercise supplemental jurisdiction).

### CONCLUSION

For the reasons stated above, defendant's motion (docket # 2) to dismiss plain-

tiff's first and second causes of action is granted as to those two causes of action only, and the third cause of action is remanded to New York State Supreme Court, Chemung County.

IT IS SO ORDERED.